```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA       :   Cr. No. 06-142-ESH
                               :
        v.                     :   Status Hearing:  8/10/2006
                               :
TONY BALTON,                   :   UNDER SEAL
        Defendant              :
```

Government's Consolidated Motion To Permit Impeachment of Defendant With Evidence of Prior Conviction, and Motion and Notice of Intent to Introduce Evidence of Other Crime Pursuant to Rule 404(b) of the Federal Rules of Evidence

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves the Court to permit impeachment of the defendant with evidence of one of his prior convictions if he chooses to testify at trial in the above matter, and provides notice of its intent to introduce evidence of another crime pursuant to rule 404(b) of the Federal Rules of Evidence.

Background

Defendant Tony Balton has been charged by indictment with three counts of distribution of cocaine, occurring on August 2, 8, and 17, 2005, in violation of 21 U.S.C. § 841. He has pled not guilty. On the first occasion, the defendant met with a confidential source in the stairwell of an apartment building located at 200 Fifty-fifth Street, N.E., and sold the source a quantity of crack cocaine wrapped in plastic, which the source paid for with U.S. currency. On the second occasion, the defendant met with the same confidential source inside a car

parked in the 4500 block of Bowen Road, S.E., and again sold the source, in exchange for U.S. currency, a quantity of crack cocaine wrapped in plastic.  On the third occasion, the defendant again met with the same confidential source, this time in a car parked in a liquor store parking lot located near the corner of Forty-sixth Street and Bowen Road, S.E., and again sold the source, for U.S. currency, a quantity of crack cocaine wrapped in plastic.

   The prior conviction and drug distribution at issue in this filing occurred in 2004.  On April 13 of that year, defendant Balton sold one small ziplock of cocaine to an undercover officer.  Specifically, on that date, at approximately 7:05 p.m., an undercover MPD officer drove an unmarked car into the 200 block of Fifty-fifth Street, N.E., got out of the car, and began a face-to-face conversation with the defendant, during which the officer asked the defendant about purchasing cocaine.  The officer then gave the defendant $20.00 in exchange for a small ziplock of crack cocaine from the defendant.  Shortly thereafter, the defendant was arrested.

   On September 16, 2004, the defendant was convicted in District of Columbia Superior Court of attempted distribution of cocaine, in violation of D.C. Code §§ 48-901.02, 48-902.06, 48-904.01, and 48-904.09.  The conviction was pursuant to a guilty plea in which the defendant, charged by indictment with

distribution of cocaine in a drug-free zone, pleaded guilty to the lesser-included offense of attempted distribution of cocaine. Under the above D.C. Code provisions, the offense of attempted distribution of cocaine is punishable by up to 30 years in prison.

The government intends to offer evidence of this prior conviction to impeach the defendant if he takes the stand, and to offer evidence of the underlying criminal conduct as other crimes evidence in its case in chief.

<u>Admissibility of 2004 Conviction for Impeachment Purposes</u>

Pursuant to rule 609 of the Federal Rules of Evidence, subject to certain time limits, evidence that an accused has been convicted of a crime punishable by death or imprisonment in excess of one year is admissible, for the purpose of attacking the credibility of the accused as a witness, "if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."  Fed. R. Evid. 609(a)(1).  The time limitations generally require that, to be admissible for use as impeachment, the conviction, or the release of the accused-witness from confinement imposed for the conviction, have been imposed or taken place within 10 years of the date the accused is testifying, Fed. R. Evid. 609(b), a restriction which will be easily met in this case.

As for probative value and prejudicial effect, the Court of Appeals, in <u>United States v. Jackson</u>, 201 U.S. App. D.C. 212, 627 F.2d 1198 (1980), set out a non-exhaustive list of factors that a district court should consider: the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime, the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case. <u>Id.</u> at 223, 627 F.2d at 1209. In this case, on balance, these factors weigh in favor of admissibility.

First, felony drug convictions are the type of offenses generally viewed as admissible for impeachment purposes under the rule. <u>United States v. Brito</u>, 427 F.2d 53, 64 (1st Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 2983 (2006); <u>United States v. Alexander</u>, 48 F.3d 1477, 1488 (9th Cir.), <u>cert. denied</u>, 516 U.S. 878 (1995). Second, the relative recency of Balton's prior conviction--two years ago at the time of this writing--also cuts in favor of admissibility. <u>See</u> <u>United States v. Montgomery</u>, 390 F.3d 1013, 1015 (7th Cir. 2004), <u>cert. denied</u>, 544 U.S. 968 (2005). Admittedly, the similarity between the offense of the prior conviction--attempted distribution of cocaine--and the charged offenses--distribution of crack cocaine--generally weighs against admissibility under the rule. <u>See</u> <u>Jackson</u>, 201 U.S. App. D.C. at 224, 627 F.2d at 1210. However, depending on the theory of defense, a prior drug conviction of a defendant on trial for a

4

drug charge can have great probative value for impeachment purposes. See United States v. Lewis, 200 U.S. App. D.C. 76, 86-87, 626 F.2d 940, 950-51 (1980) (holding that defendant's prior conviction for distribution of heroin highly probative to defendant's credibility, in trial for distribution and possession with intent to distribute preludin, where defendant, on direct examination, "den[ied] knowledge of drug transactions").

Finally, the last two factors, the importance of the defendant's testimony and the degree to which his credibility will be central to the case, weigh heavily in favor of admitting the prior conviction for use as impeachment. The three charges in this case are based on three distinct sales of crack cocaine the defendant made to a confidential source, which source the government expects to call as a witness. The sales were also recorded, to some extent, by clandestine video and audio surveillance. Significantly, although pre-recorded funds were utilized in the purchases, the defendant was not arrested until many months later, and the funds were not recovered. The evidence will also be that there was no third person in the immediate presence of the defendant and the source during each of the transactions. Thus, if the defendant were to testify, he most likely will either deny meeting with the source at all, or admit to the meetings but deny selling or otherwise providing the source with illicit substances. With no other live eyewitness to

the transactions, such testimony will be central to the trial and will make the defendant's credibility vis-a-vis the source's credibility crucial to the jury's decision.

Accordingly, with four of the five <u>Jackson</u> factors clearly weighing in favor of admissibility, the defendant's 2004 conviction is admissible for purposes of impeaching the defendant's credibility as a witness.

Admissibility of 2004 Drug Activity Under Rule 404(b) of the <u>Federal Rules of Evidence</u>

Rule 404(b) of the Federal Rules of Evidence provides in pertinent part:

> **(b) Other Crimes, Wrongs, or Acts.**-- Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b).  In this case, the government will offer evidence that the defendant's act in distributing cocaine in 2004, described above, shows intent, knowledge and absence of mistake with respect to the charged offenses.

The Court of Appeals has held that the above rule is "one of inclusion," not exclusion, and that it excludes "only evidence that is offered for the sole purpose of proving that a person's actions conformed to his or her character."  <u>United States v.</u>

Linares, 361 U.S. App. D.C. 318, 323, 367 F.3d 941, 946 (2004) (internal quotation marks omitted). Determining the admissibility of prior crimes or bad acts is a two-step process. First, the Court determines whether the other crime or act is relevant and, if so, whether it is relevant to something other than the defendant's character or propensity. United States v. Bowie, 344 U.S. App. D.C. 34, 41, 232 F.3d 923, 930 (2000). If the Court finds the evidence to be properly relevant, it then goes on to determine whether the evidence should nonetheless be excluded under other rules of evidence, such as rule 403. Id.

Here, the government will not be offering the evidence to prove the defendant's character, but to show that in August 2005 he knew how to sell drugs and that he believed what he was providing to the confidential source, on each of the three occasions in August 2005, was indeed crack cocaine.

The caselaw in this Circuit is very supportive of admitting prior drug activity in a drug prosecution. In United States v. Watson, 335 U.S. App. D.C. 232, 171 F.3d 695 (1999), the Court of Appeals acknowledged that prior acts of drug trafficking are relevant, under rule 404(b), to show the defendant knew how to sell drugs. Id. at 240, 171 F.3d at 239. Similarly, in United States v. Washington, 297 U.S. App. D.C. 73, 969 F.2d 1073, the Court of Appeals upheld the admission of the defendant's act of selling drugs that preceded the charged offense of distribution,

7

because it was "probative of intent, knowledge and plan on the part of Washington."  Id. at 81, 969 F.2d at 1081.

United States v. Burch, 332 U.S. App. D.C. 287, 156 F.3d 1315 (1998), cert. denied, 526 U.S. 1011 (1999), is particularly instructive.  In Burch, the trial court admitted evidence of the defendant's prior drug conviction, under rule 404(b), in part because the prior conviction involved the same drug and the same location, and the Court of Appeals affirmed.  Id. at 296, 156 F.3d at 1324.  In this case, the defendant's 2004 drug activity involved the same location as the first charge in the indictment, the area of 200 Fifty-fifth Street, N.E., and the same drug-- crack cocaine.

Finally, as the Court of Appeals held in its en banc decision in United States v. Crowder, 329 U.S. App. D.C. 418, 141 F.3d 1202 (1998) (Crowder II), cert. denied, 525 U.S. 1149 (1999), and 528 U.S. 1140 (2000), evidence of a defendant's prior drug activity is relevant to show that he has "knowledge of the substance within his possession."  Id. at 424, 141 F.3d at 1208 (internal quotation marks omitted).  As the Court explained further in a footnote:  "A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show he knew how to get drugs, what they looked like, where to sell them, and so forth."  Id. at 424 n. 5, 141 F.3d at 1208 n.5.

As for rule 403,[1] that rule tilts in favor of admission in close cases, even when rule 404(b) evidence is involved, and the balance should be struck in favor of admission "when the evidence indicates a close relationship to the event charged." United States v. Cassell, 352 U.S. App. D.C. 84, 91, 292 F.3d 788, 795 (2002) (internal quotation marks omitted). In this case, as stated above, there is a close relationship given the common locations and drugs involved. In addition, when the purpose of disputed evidence is to show state of mind, as in this case, probative value is high. See id. at 92, 292 F.3d at 796.

Finally, in making its determination under rule 403, the Court should consider that the other crimes evidence consists of evidence of a single sale of a single small ziplock of crack. By contrast, the indictment on which the defendant will be tried involves three sales, each of much larger quantities than involved in 2004.[2]

## Conclusion

---

[1] Rule 403 states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of unde dely, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

[2] The quantities for the offenses in the indictment are 27.4 grams, 49.6 grams, and 56.5 grams, exclusive of packaging. The government is not currently aware of the specific quantity at issue in the 2004 case, but believes it to have been significantly less than 27.4 grams.

The defendant's prior felony conviction for attempted distribution of cocaine is admissible for impeachment purposes if the defendant testifies and the conduct underlying that conviction is admissible in the government's case-in-chief. Proposed Orders are attached.

                                Respectfully submitted,

                                KENNETH L. WAINSTEIN
                                United States Attorney

by: _____
     Michael C. Liebman
     Assistant United States Attorney
     D.C. Bar No. 479562
     555 Fourth Street, N.W., room 4231
     Washington, D.C.  20530
     353-2385
     michael.liebman@usdoj.gov

CERTIFICATE OF SERVICE

I, Michael C. Liebman, an Assistant U.S. Attorney, hereby certify the foregoing, with proposed Orders, was served on defendant Tony Balton by sending a true and correct copy of the same by fax to James W. Rudasill, Jr., Esquire, his counsel of record, at fax number 628-2881, on July 21, 2006.

_____
Michael C. Liebman