```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

**UNITED STATES OF AMERICA** )
)
    **v.** ) No. 1:06-CR-142-ESH
)
**TONY BALTON,** )
)
        **Defendant.** )

<u>Government's Memorandum in Aid of Sentencing</u>

The United States of America, by and through the United States Attorney for the District of Columbia, hereby submits this memorandum in aid of sentencing in the above matter.

<u>Background</u>

On November 14, 2006, defendant Tony Balton, pursuant to a plea agreement, pled guilty to count 1 of the indictment in this case, in which count he was charged with distributing five grams or more of cocaine base, also known as crack, on or about August 2, 2005, in violation of 21 U.S. Code § 841(a)(1).  Under the terms of the plea agreement, the government agreed to refrain from filing enhancement papers pursuant to 21 U.S. Code § 851, and to dismiss, at the time of sentencing, the remaining two counts of the indictment.

With respect to the Sentencing Guidelines, the parties agreed not to seek a prison sentence outside the applicable Guideline range of imprisonment.  Furthermore, under the agreement, the defendant agreed in that he was responsible for a total of 133 grams of cocaine base, also known as crack, for

purposes of the relevant conduct rule of U.S.S.G. § 1B1.3.  In addition, the agreement provided that if the defendant clearly demonstrated acceptance of responsibility, the government would agree to a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) and (b).  As of this writing, the government believes the defendant has clearly demonstrated acceptance of responsibility.

### The Mandatory Minimum, the Statutory Maximum and the Applicable Guideline Ranges

The offense to which the defendant has pled guilty carries a mandatory minimum prison sentence of five (5) years, a statutory maximum prison sentence of 40 years, a mandatory minimum supervised release term of four (4) years, and a maximum fine of $2 million.  21 U.S.C. § 841(a)(1), (b)(1)(B)(iii).  The government agrees with the Pre-Sentence Report that, assuming a three-level downward adjustment for acceptance of responsibility, the offense level under the Sentencing Guidelines is 29, and that the defendant has nine (9) criminal history points, placing him in criminal history category IV.  The government further agrees with the report that the offense level and criminal history category yield a guideline range of imprisonment of 121 to 151 months, a guideline supervised release range of four (4) to five (5) years, and a guideline fine range of $12,500 to $2 million.

### The Appropriate Sentence

The government submits that a prison and supervised release sentence at the low ends of the applicable guideline ranges, 121 months and four years, respectively, is appropriate. In this particular case, the government met with the defendant, with counsel, after the guilty plea, and believes the defendant is remorseful. Furthermore, the offense conduct in this case has already led to the violation of the defendant's probation in a 2004 Superior Court matter.

To the extent the Court might be considering a prison sentence below the low end of the guideline range, the government would note the following. The defendant committed this offense, which involves three distinct acts of drug distribution (August 2, 8, and 17, 2005), while he was on probation for a felony drug conviction in Superior Court. In addition, prior to his indictment and arrest in this case, he was arrested for assaulting a police officer and simple possession of cocaine, for an incident on October 6, 2005, again while still on probation from the 2004 case. He was eventually convicted of simple assault with respect to the October 2005 incident.

Even aside from these new offenses, he had multiple technical violations of his probation as well. Moreover, he received probation in the 2004 case notwithstanding that while on probation for a 1999 marijuana conviction he repeatedly tested positive for drugs.

The government takes no position as to the appropriate fine in this case. There is, however, a mandatory special assessment of $100, pursuant to 18 U.S.C. §3013.

## Conclusion

The defendant should be sentenced to 121 months in prison, the low end of the applicable guideline range of imprisonment, followed by four (4) years of supervised release, the low end of the applicable guideline range for supervised release and the statutory minimum period of supervised release.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

by:         /s/
_____
Michael C. Liebman
Assistant United States Attorney
D.C. Bar No. 479562
555 Fourth Street, N.W., room 4231
Washington, D.C.  20530
353-2385
michael.liebman@usdoj.gov